**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KAREN ANN MUNGER,**

       **Plaintiff,**              Civil Action No. 17-cv-13021

       v.                      District Judge George Caram Steeh

**COMMISSIONER OF**         Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Karen Ann Munger seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to a different benefit calculation under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 18) and Defendant's Motion for Summary Judgment (docket no. 20). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.    RECOMMENDATION**

      For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 18) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 20) be **GRANTED**, and that the case be dismissed in its entirety.

## II.  BACKGROUND

Beginning in August of 2011, Plaintiff was entitled to Social Security retirement benefits of $194.00 and "divorced spouse benefits" of $579.00.  (TR 15, 25, 28.)  In May of 2012, Plaintiff married Gary Munger.  (TR 16.)  As a result, Plaintiff became ineligible for "divorced spouse benefits" and began to receive "wife insurance benefits" from Mr. Munger's Social Security account.  (*Id.*)

Before marrying Mr. Munger, Plaintiff communicated with the Social Security Administration to inquire whether remarrying would affect the amount of her benefit payment.  (Docket no. 18, p. 2.)  In response, a representative of the Administration stated that if Plaintiff married Mr. Munger, her monthly benefit would be "approximately $563 monthly, which includes $201 from your record and $362 from Mr. Munger's record."  (TR 34.)  On June 23, 2012, however, the Administration informed Plaintiff that her new "wife insurance benefit" was only $166.00, resulting in a total monthly benefit payment of $367.00.  (TR 42.)

Plaintiff disputed the new calculation and stated her case at a hearing before Administrative Law Judge ("ALJ") Mara-Louise Anzalone on December 16, 2015.  (TR 12-17.)  Following the hearing, the ALJ issued a decision affirming the monthly benefit payment of $367.00.

On September 13, 2017, Plaintiff commenced this action for judicial review.  (Docket no. 1.)  The parties filed cross motions for summary judgment, which are currently before the Court.  (Docket no. 18; docket no. 20.)

## III.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that "the benefit rate for Wife Insurance Benefits based on Karen Munger's marriage to Gary Munger beginning June 2012 [i.e., $166.00] is a correct amount."  In reaching this conclusion, the ALJ acknowledged that Plaintiff "alleges that she was told by Field

Office personnel that her benefit rate would be a higher amount than what she received off Mr. Munger's account if they were to marry." However, the ALJ determined that such "alleged misinformation does not overrule the Code of Federal Regulation."

### IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).

### V.   ANALYSIS

Plaintiff does not dispute the substance of the ALJ's benefit calculation. Instead, she contends that Defendant should be estopped from paying her a benefit less than the amount represented by the Social Security field representative prior to her marriage to Mr. Munger. The Supreme Court addressed similar arguments in *Schweiker v. Hansen*, 450 U.S. 785 (1981) and *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990).

In *Hansen*, a claimant who had been approved for Social Security benefits sought back-payments because she delayed filing her application based on an erroneous representation by a Social Security Administration field representative that she was not eligible for the benefits. *Hansen*, 450 U.S. at 786-87. The Supreme Court held that the field representative's error did not override "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Id.* at 788-89.

Similarly, in *Richmond* a plaintiff who was receiving a disability annuity lost six months of benefit payments because he relied on erroneous information from a federal employee.

3

*Richmond*, 496 U.S. at 416. Accordingly, the plaintiff claimed that "the erroneous and unauthorized advice should give rise to equitable estoppel against the Government." *Id.* The Supreme Court emphasized that "[a]ll parties here agree that the award respondent seeks would be in direct contravention of the federal statute upon which his ultimate claim to the funds must rest." *Id.* at 424. Accordingly, the Court determined that the payments sought by plaintiff would violate the Appropriations Clause of the Constitution, Art. I, § 9, cl. 7: "The benefits [the plaintiff] claims were not 'provided by' the relevant provision of the subchapter; rather, they were specifically denied. It follows that Congress has appropriated no money for the payment of the benefits respondent seeks, and the Constitution prohibits that any money 'be drawn from the Treasury' to pay them." *Id.*

The instant matter is not materially distinguishable from *Richmond*. Indeed, Plaintiff's claim fits precisely within the Supreme Court's description of *Richmond* as "a claim for payment of money from the Public Treasury contrary to a statutory appropriation." *Id.* Accordingly, the Court should dismiss Plaintiff's estoppel claim.

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 18) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 20) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

4

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 31, 2018            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: July 31, 2018            s/ Leanne Hosking
                                Case Manager